UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT BANKS, | : | **CASE NO. 1:20-CV-00310** |
| Plaintiff | : | |
| | : | |
| v. | : | (Chief Magistrate Judge Schwab) |
| | : | |
| LEBANON PENN, LEBANON | : | |
| PA, and LEBANON CORRECTIONS | : | |
| | : | |
| Defendants | : | |
| | : | |

# ORDER
April 14, 2020

## I. Introduction.

The plaintiff, Robert Banks ("Banks"), claims that he was falsely arrested and incarcerated by the defendants. For the reasons that follow, the complaint fails to state a claim upon which relief can be granted. Banks is granted leave to file an amended complaint.

## II. Background.

Banks, proceeding *pro se*, filed his complaint and motion to proceed *in forma pauperis* on February 21, 2020. Banks's motion to proceed *in forma*

*pauperis* was granted on March 3, 2020. Banks names "Lebanon Penn," "Lebanon PA," and "Lebanon Correction" as defendants in his complaint.

Banks contends that he was wrongfully arrested and incarcerated in Lebanon County for six months on a wire harassment charge stemming from a phone call from Las Vegas to Harrisburg. He asserts that there was no probable cause for his arrest, that he's innocent, and that the punishment for this crime should have been a fine, rather than imprisonment. He also alleges that his lawyer was corrupt. Banks asks for a new trial at the federal level, and requests that the court dismiss any warrants for his arrest and all criminal charges against him.

**III. Standard of Review.**

Under 28 U.S.C. § 1915(e)(2), the court shall dismiss a complaint brought *in forma pauperis* if it determines that certain specified conditions are met. More specifically, the court must dismiss a complaint that "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). This statutory text mirrors the language of Rule 12(b)(6) of the Federal Rules of Civil Procedure, which provides that a complaint should be dismissed for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6).

When determining whether a complaint states a claim upon which relief can be granted, "[w]e must accept all factual allegations in the complaint as true,

construe the complaint in the light favorable to the plaintiff, and ultimately determine whether plaintiff may be entitled to relief under any reasonable reading of the complaint." *Mayer v. Belichick*, 605 F.3d 223, 229 (3d Cir. 2010). In making that determination, we "consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the [plaintiff's] claims are based upon these documents." *Id.* at 230.

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 677–78 (2009). The statement required by Rule 8(a)(2) must give the defendant fair notice of what the plaintiff's claim is and of the grounds upon which it rests. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Detailed factual allegations are not required, but more is required than labels, conclusions, and a formulaic recitation of the elements of a cause of action. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "In other words, a complaint must do more than allege the plaintiff's entitlement to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009). "A complaint has to 'show' such an entitlement with its facts." *Id.*

In considering whether a complaint states a claim upon which relief can be granted, the court "'must accept all facts alleged in the complaint as true and construe the complaint in the light most favorable to the nonmoving party.'"

*Krieger v. Bank of Am., N.A.*, 890 F.3d 429, 437 (3d Cir. 2018) (quoting *Flora v. Cty. of Luzerne*, 776 F.3d 169, 175 (3d Cir. 2015)). But a court "need not credit a complaint's bald assertions or legal conclusions." *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997). A court also need not "assume that a . . . plaintiff can prove facts that the . . . plaintiff has not alleged." *Associated Gen. Contractors of Cal. v. California State Council of Carpenters,* 459 U.S. 519, 526 (1983).

Following *Twombly* and *Iqbal,* a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, it must recite factual allegations sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation. In practice, consideration of the legal sufficiency of a complaint entails a three-step analysis:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."

*Santiago v. Warminster Twp.,* 629 F.3d 121, 130 (3d Cir. 2010) (footnote and citations omitted) (quoting *Iqbal,* 556 U.S. at 675, 679).

A complaint filed by a *pro se* litigant is to be liberally construed and "'however inartfully pleaded, must be held to less stringent standards than formal

4

pleadings drafted by lawyers.'" *Erickson,* 551 U.S. at 94 (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). Nevertheless, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

**IV. Discussion.**

Banks alleges the defendants falsely arrested and imprisoned him in violation of his Fourth Amendment rights. We construe his claim as a claim under 42 U.S.C. § 1983. "Section 1983 imposes civil liability upon any person who, acting under the color of state law, deprives another individual of any rights, privileges, or immunities secured by the Constitution or laws of the United States." *Shuman v. Penn Manor School Dist.,* 422 F.3d 141, 146 (3d Cir. 2005). Section 1983 "does not create any new substantive rights but instead provides a remedy for the violation of a federal constitutional or statutory right." *Id.* To establish a claim under Section 1983, the plaintiff must establish a deprivation of a federally protected right and that this deprivation was committed by a person acting under color of state law. *Woloszyn v. County of Lawrence*, 396 F.3d 314, 319 (3d Cir. 2005).

### A. The complaint fails to state a claim upon which relief can be granted against the defendants.

Banks fails to allege how the defendants allegedly violated his rights. The complaint does not provide fair notice of the grounds upon which Banks's claims rest, and it does not state a claim that is plausible on its face. Accordingly, the complaint fails to state a claim upon which relief may be granted.

Banks's false arrest and false imprisonment claims implicate the Fourth Amendment. *Kokinda v. Breiner*, 557 F. Supp. 2d 581, 592 (M.D. Pa. 2008) ("A claim under § 1983 for false arrest/false imprisonment is grounded in the Fourth Amendment guarantee against unreasonable seizures."). "To state a claim for false arrest under the Fourth Amendment, a plaintiff must establish: (1) that there was an arrest; and (2) that the arrest was made without probable cause." *James v. City of Wilkes-Barre*, 700 F.3d 675, 680 (3d Cir. 2012). "To state a claim for false imprisonment, a plaintiff must establish: (1) that []he was detained; and (2) that the detention was unlawful." *Id*. at 682–83 (citing *Wallace v. Kato,* 549 U.S. 384, 389 (2007) ("The sort of unlawful detention remediable by the tort of false imprisonment is detention without legal process." (citations omitted) (emphasis deleted))).

Although Banks mentions false arrest and false imprisonment in passing, he does not allege who arrested him. Banks does allege that there was a lack of probable cause, but he does not provide facts to support that conclusion.

6

Accordingly, the complaint fails to state Fourth Amendment false arrest and false imprisonment claims upon which relief can be granted.

Moreover, a municipality, such as Lebanon County, cannot be held liable for the unconstitutional acts of its employees on a theory of *respondeat superior*. *Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978). Rather, "under § 1983, local governments are responsible only for 'their *own* illegal acts.'" *Connick v. Thompson*, 563 U.S. 51, 60 (2011) (quoting *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986) (emphasis in original)). "[A] § 1983 claim against a municipality may proceed in two ways." *Forrest v. Parry*, 930 F.3d 93, 105 (3d Cir. 2019). One way for a plaintiff to present a claim against a municipality is to allege "that an unconstitutional policy or custom of the municipality led to his or her injuries." *Id*. Another way for a plaintiff to present a claim against a municipality is to allege that his or her injuries "were caused by a failure or inadequacy by the municipality that 'reflects a deliberate or conscious choice.'" *Id.* (quoting *Estate of Roman v. City of Newark*, 914 F.3d 789, 798 (3d Cir. 2019)).

To plead a claim against a municipality under the policy-or-custom strand of municipal liability, "a plaintiff must allege that 'a [local] government's policy or custom . . . inflict[ed] the injury' in question." *Estate of Roman*, 914 F.3d at 798

(quoting *Monell*, 436 U.S. at 694). "'Policy is made when a decisionmaker possess[ing] final authority to establish municipal policy with respect to the action issues an official proclamation, policy, or edict.'" *Id*. (quoting *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3d Cir. 1990) (alteration in original) (internal quotation marks omitted)). "'Custom, on the other hand, can be proven by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law.'" *Id*. (quoting *Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990)).

"To satisfy the pleading standard, [a plaintiff] must identify a custom or policy, and specify what exactly that custom or policy was." *McTernan v. City of York,* 564 F.3d 636, 658 (3d Cir. 2009). "Although a policy or custom is necessary to plead a municipal claim, it is not sufficient to survive a motion to dismiss." *Estate of Roman*, 914 F.3d at 798. "A plaintiff must also allege that the policy or custom was the 'proximate cause' of his injuries." *Id*.

Here, Banks has not alleged facts from which it can reasonably be inferred that a policy or custom of Lebanon County violated his rights.

Another way for a plaintiff to present a claim against a municipality is to allege that his or her injuries "were caused by a failure or inadequacy by the municipality that 'reflects a deliberate or conscious choice.'" *Forrest*, 930 F.3d at 105 (quoting *Estate of Roman*, 914 F.3d at 798). "The latter avenue arose in the

8

failure-to-train context, but applies to other failures and inadequacies by municipalities, including those related to supervision and discipline of its police officers." *Id*.

A plaintiff asserting a municipal liability claim based on a failure or inadequacy of training, supervision, or discipline "need not allege an unconstitutional policy." *Estate of Roman*, 914 F.3d at 798. Rather, he must show that the municipality's failure to train, supervise, or discipline "its employees 'reflects a deliberate or conscious choice.'" *Id*. (quoting *Brown v. Muhlenberg Twp.*, 269 F.3d 205, 215 (3d Cir. 2001)). In this regard, the plaintiff must show "a failure or inadequacy amounting to deliberate indifference on the part of the municipality." *Forrest*, 930 F.3d at 106. "This consists of a showing as to whether (1) municipal policymakers know that employees will confront a particular situation, (2) the situation involves a difficult choice or a history of employees mishandling, and (3) the wrong choice by an employee will frequently cause deprivation of constitutional rights." *Id*.

Here, Banks has not alleged facts from which it can reasonably be inferred that a failure or inadequacy of training, supervision, or discipline by Lebanon County caused a violation of his rights.

In sum, Banks has not satisfied the pleading requirements to sustain a claim against the defendants.

**B. The requested relief cannot be granted in a civil action.**

Banks is seeking dismissal of his criminal charges, but he cannot seek such relief in this action.

"[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez,* 411 U.S. 475, 484 (1973). When a prisoner "is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Id.* at 500. "Conversely, when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction" a civil rights action is appropriate. *Learner v. Fauver,* 288 F.3d 532, 542 (3d Cir. 2002).

To the extent that Banks is seeking dismissal of his criminal charges, he cannot seek such relief in this civil-rights action. Rather, he can seek such relief only in a habeas corpus action, which generally is appropriate only after a petitioner has exhausted his state remedies.

## C. Leave to Amend.

Before dismissing a complaint under the screening provision of 28 U.S.C. § 1915, the court must grant the plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hospital*, 293 F.3d 103, 114 (3d Cir. 2002). Here, in light of the liberal-amendment standard, although this screening analysis calls for dismissal of the complaint, Banks should be granted another opportunity to comply with the requirements of Fed.R.Civ.P. 8 and attempt to state a claim upon which relief can be granted. Thus, we will grant Banks leave to file an amended complaint.

## V. Order.

For the foregoing reasons, **IT IS ORDERED** that Banks may file an amended complaint within 28 days of this Order.[1] If Banks fails to file an

---

[1] Any amended complaint must be titled as an amended complaint and must contain the docket number of this case. Fed.R.Civ.P. 10(a). "The plaintiff is advised that any amended complaint must be complete in all respects." *Young v. Keohane*, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992). "It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." *Id.* "In general, an amended pleading supersedes the original pleading and renders the original pleading a nullity." *Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019). "Thus, the most recently filed amended complaint becomes the operative pleading." *Id.* In other words, if an amended complaint is filed, the original complaint will have no role in the future litigation of this case. Any amended complaint must also comply with the pleading requirements of the Federal Rules of Civil Procedure, including the requirements that the complaint contain "a short and plain statement of the grounds for the court's jurisdiction," "a

11

amended complaint, it will be recommended that the complaint be dismissed and the case closed.

*S/Susan E. Schwab*
Susan E. Schwab
Chief United States Magistrate Judge

---

short and plain statement of the claim," and "a demand for the relief sought." Fed.R.Civ.P. 8(a)(1)–(3). Further, "[e]ach allegation must be simple, concise, and direct." Fed.R.Civ.P. 8(d)(1). "A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed.R.Civ.P. 10(b). And to the extent it would promote clarity to do so, "each claim founded on a separate transaction or occurrence . . . must be stated in a separate count." *Id*.